Donovan DOUGLAS, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 66, Docket 93–2028.

United States Court of Appeals, Second Circuit.

Argued Oct. 7, 1993.

Decided Dec. 22, 1993.

Donovan Douglas, pro se.

David C. James and Kirby A. Heller, Asst. U.S. Attys., Brooklyn, NY, E.D.N.Y. (Mary Jo White, U.S. Atty., New York City, E.D.N.Y., of counsel), for respondent-appellee.

Before PIERCE, MINER, and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Petitioner-appellant Donovan Douglas appeals *pro se* from a judgment of the United States District Court for the Eastern District of New York (Korman, J.), denying his motion to vacate his conviction pursuant to 28 U.S.C. § 2255 (1988). The district court found that Douglas's claims were procedurally barred from reconsideration in a § 2255 proceeding.

We affirm, and similarly find that Douglas's claims are procedurally barred, either because they have been litigated previously or because Douglas failed to raise them when he should have. We note, however, that some of Douglas's claims involve assertions of ineffective assistance of counsel. The circumstances under which ineffective assistance claims can be procedurally barred on § 2255 motions was the subject of this Court's recent opinion in *Billy–Eko v. United States,* 8 F.3d 111 (2d Cir.1993), which was decided after the instant case was submitted.

Applying *Billy–Eko*, we find that the ineffective assistance claims not previously raised are procedurally barred along with all of Douglas's other claims.

## BACKGROUND

### A. *Douglas's Trial Conviction and Appeal*

Douglas was convicted on August 19, 1987 after a jury trial of various offenses stemming from his involvement in a drug trafficking scheme in Brooklyn, New York. Specifically, he was convicted of: (1) conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); (3) carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (4) possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Douglas was sentenced to a 60 year term of imprisonment, later reduced to 45 years. Douglas is currently serving his sentence.

This Court affirmed the convictions on direct appeal—for which Douglas was represented by new counsel—without a published opinion. *See United States v. Douglas*, 847 F.2d 836 (2d Cir.1988). In the unpublished summary order resolving the case, however, this Court rejected Douglas's claim that he had received ineffective assistance of counsel because of his attorney's prior representation of a government witness. This Court also found that a challenge to the admission of evidence at trial was waived for failure to object, and that Douglas's sentence did not violate the Eighth Amendment.

### B. *The First and Second Consolidated § 2255 Motions*

On July 10, 1989 and December 19, 1989, Douglas filed two § 2255 motions in the United States District Court for the Eastern District before then-District Judge McLaughlin primarily alleging that his trial counsel had rendered ineffective assistance. Douglas was at this point represented by counsel different from those at trial or on direct appeal. After Judge McLaughlin consolidated the petitions, he considered and rejected a variety of allegations of ineffectiveness, including the following: (1) inadequate pre-trial preparation and investigation; (2) failure to call witnesses; (3) failure to communicate the substance of the indictment to Douglas; (4) failure to submit juror questionnaires prior to *voir dire;* (5) poor direct and cross-examination; (6) wrongfully advising Douglas to testify; and (7) ineffective performance at sentencing. Judge McLaughlin found that "the performance of defense counsel was, in all regards, reasonable and adequate." The court dismissed the motion in its entirety on the merits, although it did not explicitly discuss issues other than those dealing with ineffective assistance.

This Court affirmed the judgment of Judge McLaughlin, again without a published opinion. *See Douglas v. United States*, 930 F.2d 911 (2d Cir.1991). The unpublished summary order indicates that Douglas was again represented by counsel, although Douglas made one additional argument *pro se* that Judge McLaughlin had not allowed him to file a supplementary pleading. In the order, this Court rejected the *pro se* argument, affirmed the judgment of Judge McLaughlin on the issues raised before him, and also rejected two new arguments made by counsel that trial counsel had been ineffective: (1) that the attorney's representation of a government witness created a conflict of interest; and (2) that the attorney's failure to challenge the validity of a search warrant constituted ineffective assistance. This Court found that those two arguments were not only meritless, but that they were also waived, because they had not been raised before the district court on either of the consolidated § 2255 motions.

### C. *Douglas's Instant § 2255 Motion*

On November 14, 1991, Douglas brought another § 2255 motion, this time before Judge Tsoucalis, a judge of the United States Court of International Trade sitting by designation in the Eastern District. Douglas raised nine grounds for vacating his conviction. The district court rejected all of the claims, finding some of them procedurally barred for failure to raise them in previous § 2255 motions, and finding the others unre-

viewable because they had been raised in other motions and denied on the merits. Consequently, the district court also found that Douglas's motion constituted an abuse of process. Douglas subsequently moved for reconsideration, and filed an amended motion for relief; this relief was denied by Judge Korman on November 25, 1992, without an opinion.

Douglas, acting *pro se,* now appeals the denial of his § 2255 motion.

## DISCUSSION

As the procedural history above demonstrates, Douglas has availed himself of numerous opportunities to challenge his criminal conviction. Following his trial, he appealed directly on the merits, filed two § 2255 motions before then-District Judge McLaughlin (later consolidated into one), appealed the denial of the consolidated motion, and filed yet another § 2255 motion. He has now come to this Court to appeal the denial of that most recent motion, which raises nine allegedly fresh challenges to his original conviction.

Douglas argues that his conviction should be vacated for the following reasons, which are enumerated as he listed them: (1) his trial counsel was ineffective for failure to conduct reasonable pre-trial investigation; (2) his trial counsel was ineffective for failure to allege a speedy trial violation; (3) one of the counts in the indictment was defective for failure to name co-conspirators; (4) counsel was ineffective for failing to raise and preserve the issue of sufficiency of the evidence as it pertained to one of the weapons charges; (5) the statute enhancing penalties for possession with intent to distribute cocaine base is unconstitutional; (6) count three of the indictment, one of the weapons counts, is defective for failure to describe the firearm; (7) count four of the indictment, another of the weapons counts, is defective for failure to describe the firearm; (8) trial counsel was ineffective due to a conflict of interest; and (9) trial counsel was ineffective for failing to challenge the search warrant.

■ Five of the claims—grounds (1), (2), (4), (8), and (9)—involve allegations of ineffective assistance of counsel and thus implicate at least indirectly this Court's recent decision in *Billy–Eko.* The other four claims—(3), (5), (6), and (7)—involve various other allegations. For the reasons stated below, we find that all of these claims are unreviewable by this Court, either because Douglas failed to raise them when he should have, or because they have already been resolved on the merits in Douglas's previous exercises of his habeas and appellate opportunities.

■ There are clear procedural requirements for motions under § 2255. Section 2255 itself states that the "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255. Thus, a movant cannot raise as a basis for vacating her sentence a ground raised in a previous § 2255 motion that was decided on the merits. *See Cabrera v. United States,* 972 F.2d 23, 25 (2d Cir.1992) (holding that prior decision on the merits in previous § 2255 motion precludes review in subsequent § 2255 motion). Similarly, "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." *Barton v. United States,* 791 F.2d 265, 267 (2d Cir.1986) (per curiam). Therefore, any claim raised by Douglas at this point that was also raised in one of his previous § 2255 motions or on direct appeal of his conviction is precluded from consideration by this Court.

■ Neither can Douglas raise claims that he failed without cause to raise in prior actions. Douglas's right to raise new claims in a § 2255 motion is limited because, in a non-Sixth Amendment context, the "failure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice." *Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992). In other words, the failure to raise a particular ground on direct appeal will bar consideration of that claim in a § 2255 motion unless the movant can show that there was cause for failing to raise the issue, and prejudice resulting therefrom. *See id.; cf. United States v. Frady,* 456 U.S. 152, 167–68, 102

S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982) (establishing cause and prejudice test for collateral relief based on trial errors to which no contemporaneous objection was made).

## A. *Grounds (3), (5), (6), and (7)*

█ Leaving aside for the moment those claims alleging ineffective assistance of counsel—which require a discussion of *Billy–Eko*—four of the grounds can be eliminated either because they have already been decided on the merits, or because Douglas failed to raise them on direct appeal. Grounds (3), (6), and (7) were all presented in the first § 2255 motion to Judge McLaughlin, who dismissed the motion on its merits although he did not specifically discuss these three claims. The fact that they were presented to him, and that he dismissed the petition in its entirety, indicates that the claims were considered and rejected. This Court affirmed that disposition. Consequently, those three claims are precluded from consideration.

█ Ground (5), which alleges that the enhanced statutory penalties for possession with intent to distribute cocaine base are unconstitutional, was not raised previously. This includes not only the direct appeal, but also the subsequent § 2255 motions, in which Douglas has not been reluctant to raise whatever claims he could. Douglas must therefore show cause for failing to raise the constitutional issues. He cannot meet this burden. The legal basis for this challenge to his conviction was available at the time of his direct appeal and at the time of his subsequent motions. During this time, he was represented by no fewer than three different attorneys. Douglas's failure to raise the issue at any previous time is without good cause, and therefore that issue is procedurally barred from consideration.

## B. *Grounds (1), (2), (4), (8), and (9)*

Grounds (1), (2), (4), (8), and (9) would normally be barred for the same reasons as the grounds discussed immediately above. Because they involve allegations of ineffective assistance of counsel, however, they implicate this Court's recent decision in *Billy–Eko v. United States*, 8 F.3d 111.

### 1. *A Review of Billy–Eko*

*Billy–Eko* established for ineffective assistance claims an exception to the normal *Campino* rule that a failure to raise a claim on direct appeal acts as a procedural bar to that claim on a subsequent § 2255 motion, absent cause and prejudice. There were two principles underlying the *Billy–Eko* decision: (1) where an accused is represented on appeal by the same attorney as at trial, it is likely that ineffective assistance claims will be overlooked; and (2) resolution of ineffective assistance claims often requires consideration of matters outside the record on direct appeal. *Billy–Eko*, 8 F.3d at 113–14.

█ Therefore, this Court in *Billy–Eko* held that movants alleging ineffective assistance claims not brought on direct appeal would be permitted to raise those claims in a § 2255 petition unless: (1) the movant was represented by new appellate counsel on direct appeal; and (2) the claim was based solely on the record developed at trial. *See id.* at 115. This rule thus protects those movants from having claims barred where trial counsel acted as appellate counsel, or where the appellate attorney (whether or not new) could not have crafted an ineffective assistance claim based on the record developed at trial.

█ Because the instant case was submitted prior to the decision in *Billy–Eko*, Douglas did not make any arguments specifically regarding the exception to *Campino*. Even viewing his pleadings liberally, as we do for *pro se* litigants, *see Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir.1993), it is clear that the *Billy–Eko* exception does not afford Douglas the opportunity to litigate these claims in this proceeding.

### 2. *Grounds (1), (8), and (9)*

Three of Douglas's ineffective assistance claims can be disregarded without recourse to the *Billy–Eko* test, because they were previously litigated on the merits in his prior § 2255 motions or on direct appeal. Ground (1) alleges that Douglas's trial counsel failed to conduct a reasonable pre-trial investigation, a claim that was specifically considered

and rejected by Judge McLaughlin in the first § 2255 motion. Ground (8) asserts that Douglas's trial counsel had a conflict of interest due to his prior representation of a government witness; this claim was found to be meritless by this Court on direct appeal. Finally, ground (9) alleges ineffective assistance for failure to challenge the validity of a search warrant, another claim rejected by this Court on direct appeal.

Even though these claims involve ineffective assistance, they do not implicate *Billy–Eko*, which does not affect the way in which claims previously resolved can be reconsidered in a § 2255 motion. These three ineffective assistance claims fall squarely within the ambit of the restrictions of *Cabrera*, 972 F.2d at 25, and *Barton*, 791 F.2d at 267. For these reasons, claims (1), (8), and (9) are precluded from consideration in this proceeding.

### 3. *Grounds (2) and (4)*

The final two grounds, (2) and (4), were not previously brought on either direct appeal or in the § 2255 motions. Ground (2) alleges ineffective assistance of counsel for failing to assert alleged violations of the Speedy Trial Act, while ground (4) alleges that counsel was ineffective for failure to raise and preserve the issue of sufficiency of the evidence for one of Douglas's weapons convictions.

These are the types of claims that implicate *Billy–Eko* analysis. Therefore, we will consider Douglas's two claims on their merits unless: (1) Douglas had new appellate counsel; and (2) the claims are based entirely on the trial record. *See Billy–Eko*, 8 F.3d at 115. Under that analysis, it is clear that Douglas's two proffered grounds are procedurally barred.

Regarding the first element, there is no question that Douglas had new appellate counsel on direct appeal. Regarding the second, both claims are indeed based entirely on the record developed at trial. Counsel for Douglas's direct appeal would not have had to rely on anything outside the record to support an ineffective assistance claim grounded on the failure to allege a speedy trial violation, nor would reliance on extraneous material have aided in raising a sufficiency of the evidence claim. Both of these claims merely apply recognized and longstanding legal concepts to the facts developed at trial. Neither of them allege that there is information that came to light after trial or was not otherwise put into the record to which appellate counsel would have needed access in order to substantiate the ineffective assistance argument. Application of the *Billy–Eko* test, therefore, mandates that these two claims not be considered by this Court. Douglas had no excuse not to bring the claims on his direct appeal.

It should also be pointed out that Douglas had no excuse not to bring the claims on his initial § 2255 motion. *Billy–Eko* may under certain circumstances allow courts to consider ineffective assistance claims not brought on direct appeal, but the case does not by its terms apply to claims that an individual fails to bring in either a direct appeal or an initial § 2255 motion. The principles that motivated the decision in *Billy–Eko* as applied to a direct appeal do not similarly allow a movant who fails to bring a claim in one § 2255 motion to bring it in a subsequent motion.

*Billy–Eko* was predicated on the idea that trial counsel acting also as appellate counsel would not be likely to raise ineffective assistance claims, and on the idea that ineffective assistance claims often rely on information extraneous to the record at trial. These principles do not apply in the context of a § 2255 motion, where a movant is less likely to retain her trial counsel and where reliance on extra-record material is expected. Moreover, the fact that Douglas was free to bring Sixth Amendment claims in his first § 2255 motion indicates that the dangers underlying the *Billy–Eko* exception are not present here. He clearly had counsel willing and able to challenge the competency of the trial attorney. *Cf. United States v. Muhammad*, 824 F.2d 214, 219 (2d Cir.1987) (holding that claims could not be asserted in a second § 2255 motion where the defendant knew about them but failed to raise them on either direct appeal or a prior § 2255 motion), *cert. denied*, 484 U.S. 1013, 108 S.Ct. 716, 98 L.Ed.2d 666 (1988).

Douglas's Sixth Amendment claims are therefore barred not only because he failed to bring viable claims on his direct appeal, but also because he failed without cause to bring the claims on an intervening § 2255 motion.

## CONCLUSION

For these reasons, we affirm the judgment of the district court. We have considered all of Douglas's claims, and find each and every one of them to be precluded from consideration.