101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Antonio CRUZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2651.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 APPEARING FOR APPELLANT: Antonio Cruz, pro se, White Deer, PA.
 APPEARING FOR APPELLEE:David C. James, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY.
 E.D.N.Y.
 AFFIRMED.
 Present: MINER, JACOBS, CABRANES, Circuit Judges.
 This cause came to be heard on the transcript of record and was submitted.
 Petitioner-appellant Antonio Cruz appeals pro se from an order of the United States District Court for the Eastern District of New York (Korman, J.) denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.
 
 
 1
 On August 28, 1992, an indictment against Cruz was filed, charging him with violating 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by convicted felons. On September 21, 1992, Cruz, represented by counsel from the Legal Aid Society, filed a pretrial motion to suppress evidence. On January 8, 1993, the district court held a hearing and denied Cruz' motion. Cruz' first trial began on January 11, 1993, and ended in a mistrial on January 13, 1993 because of a hung jury. Cruz' second trial began on February 17, 1993, and on February 19, 1993, also ended in a mistrial because of a hung jury. Cruz' third trial began on April 14, 1993, and Cruz was found guilty as charged on April 15, 1993. In a judgment entered on June 10, 1994, Cruz was sentenced to a 293-month term of imprisonment, a three-year term of supervised release, and a $50 special assessment.
 
 
 2
 On direct appeal to this Court, Cruz, represented by new counsel from the Legal Aid Society, claimed that the sentencing guideline under which he was sentenced was invalid and that the district court erred when it increased his offense level. We affirmed Cruz' conviction by summary order.
 
 
 3
 On June 7, 1995, Cruz filed the present motion to vacate, set aside, or correct his sentence pursuant to § 2255, claiming that: (1) 18 U.S.C. § 922(g)(1) exceeds Congress' Commerce Clause power; (2) his federal prosecution violated the Tenth Amendment; (3) the search and seizure that led to his conviction and the confiscation of his gun were in violation of the Second Amendment; (4) his conviction was in violation of his due process rights because no rational trier of fact could have found that his conduct substantially affected interstate commerce; and (5) his trial counsel was ineffective because he did not move to dismiss the indictment as violative of the Speedy Trial Act. On September 13, 1995, the district court denied Cruz' § 2255 motion without holding an evidentiary hearing. This appeal followed.
 
 
 4
 Cruz' sole contention on appeal is that the district court erred by not holding an evidentiary hearing. Under § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon." Ciak v. United States, 59 F.3d 296, 306-07 (2d Cir.1995). Because Cruz' claims are procedurally barred, we believe that the district court properly denied Cruz' § 2255 motion without a hearing.
 
 
 5
 Procedural default may be found if a § 2255 petitioner has waived or abandoned a claim by failing either to preserve it for, or to raise it on, direct appeal. United States v. Frady, 456 U.S. 152, 167-68 (1982); Douglas v. United States, 13 F.3d 43, 46 (2d Cir.1993). Procedural default will bar § 2255 review of claimed errors unless the petitioner can show cause for the default and prejudice resulting from the error. Frady, 456 U.S. at 168.
 
 
 6
 Because Cruz failed to raise the present § 2255 issues at trial or on direct appeal, and because he has not even attempted to show cause for this failure to do so, he is procedurally barred from bringing the claims pursuant to § 2255. Furthermore, because Cruz' counsel on direct appeal was different from his trial counsel and because Cruz' speedy trial claim is based solely on the record developed at trial, Cruz' ineffective assistance of counsel claim does not fall within any exception to the procedural bar doctrine. See Billy-Eko v. United States, 8 F.3d 111, 115 (2d Cir.1993).