101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus PALTA, Defendant-Appellant,
Edison A. MAROLEJO, Defendant.
 No. 95-2296.
 United States Court of Appeals, Second Circuit.
 March 12, 1996.
 
 APPEARING FOR APPELLANT: Jesus Palta, pro se, Fairton, NJ.
 APPEARING FOR APPELLEE: Geoffrey R. Kaiser, Assistant United States Attorney for the Southern District of New York, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Present MINER, JACOBS, and CABRANES, Circuit Judges.
 UPON CONSIDERATION of this appeal from an order of the United States District Court for the Southern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the order be and it hereby is AFFIRMED.
 This cause came to be heard on the transcript of record and was submitted.
 Defendant-appellant Jesus Palta appeals pro se from an order entered in the United States District Court for the Southern District of New York (Duffy, J.) denying his motion pursuant to 28 U.S.C. § 2255 for remission of the $13,500 fine imposed as part of his sentence.
 
 
 1
 Palta pleaded guilty on October 12, 1988 to conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and possessing approximately two kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B). The district court sentenced Palta to a 300-month term of imprisonment, a four-year term of supervised release, and a $100 special assessment.
 
 
 2
 On appeal, we vacated the sentence and remanded for resentencing, because the district court had upwardly departed from the pre-sentencing report's recommended sentence of 121 to 151 months without stating a sufficient reason for the departure and had failed to give Palta adequate notice and the opportunity to contest the upward departure. United States v. Palta, 880 F.2d 636, 640 (2d Cir.1989).
 
 
 3
 On October 19, 1989, the district court sentenced Palta to a 151-month term of imprisonment, a four-year term of supervised release, a $13,500 fine, and a $100 special assessment. At the sentencing hearing, Palta's counsel objected to the imposition of the fine on the ground that Palta was incapable of paying the fine. However, Palta did not appeal the sentence.
 
 
 4
 On April 29, 1991, Palta moved in the district court to vacate his sentence. Because the motion is missing from the record on appeal and the government is unable to locate the motion, it is unclear whether Palta challenged the $13,500 fine imposed as part of his sentence. However, the government's response to the motion does not indicate that Palta challenged the fine in the motion. On May 4, 1991, the district court denied Palta's motion. Palta did not appeal the district court's denial of his motion.
 
 
 5
 In November of 1992, Palta moved to vacate the $13,500 fine imposed as part of his sentence. Palta noted that, according to U.S.S.G. § 5E1.2(a), the district court should not impose a fine when the defendant establishes that he is unable to pay the fine. Palta argued that at the time of his sentence he did not have enough money to pay the fine. On November 16, 1992, the district court denied Palta's motion. Palta did not appeal the district court's denial of this motion.
 
 
 6
 On March 29, 1995, Palta filed the instant motion seeking remission of the fine, on the ground that the district court had failed to consider his ability to pay the fine and the burden that the fine would place on his family. In an order entered on April 11, 1995, the district court denied Palta's motion and stated that it had taken § 5E1.2 into consideration in sentencing Palta. This appeal followed.
 
 
 7
 A § 2255 petition may not be used as a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). "A party who fails to raise an issue on direct appeal and subsequently endeavors to litigate the issue via a § 2255 petition must 'show that there was cause for failing to raise the issue, and prejudice resulting therefrom.' " United States v. Pipitone, 67 F.3d 34, 38 (2d Cir.1995) (quoting Douglas v. United States, 13 F.3d 43, 46 (2d Cir.1993)).
 
 
 8
 We find Palta to be procedurally barred from raising his claim before this Court. He has not demonstrated cause for failing to appeal the district court's imposition of the fine on October 19, 1989. Palta has not even attempted to argue, either before the district court or this Court, that there is any cause for his failure to raise his claim on a direct appeal. Moreover, in his brief on this appeal, Palta does not demonstrate any cause for his failure. In his brief, Palta states that he "did not at the time of his sentence have the financial resources to pay the fine, and does not have the resources to pay the fine today." This statement indicates that Palta knew, at the time of the October 19, 1989 sentencing and thereafter, that he could not pay the fine. Nonetheless, he did not appeal the district court's sentence. Because Palta cannot demonstrate cause for failing to appeal, we find his claim to be procedurally barred.
 
 
 9
 Moreover, even if Palta had directly appealed following the October 19, 1989 sentencing, he still would be barred from raising his claim. It is well-settled that "a movant cannot raise as a basis for vacating [his] sentence a ground raised in a previous § 2255 motion that was decided on the merits." Douglas v. United States, 13 F.3d 43, 46 (2d Cir.1993). Palta clearly challenged the imposition of the fine in his November 1989 motion before the district court. The district court denied this motion and Palta did not appeal. Accordingly, we hold that Palta's claim is procedurally barred.