101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Anthony BERNARDI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2640.
 United States Court of Appeals, Second Circuit.
 March 14, 1996.
 
 APPEARING FOR APPELLANT: Thomas J. Eoannou, Buffalo, NY.
 APPEARING FOR APPELLEE: Joseph M. Guerra, Assistant United States Attorney for the Western District of New York, Buffalo, NY.
 Before LUMBARD, MINER and JACOBS, Circuit Judges.
 UPON CONSIDERATION of this appeal from an order of the United States District Court for the Western District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the order be and it hereby is AFFIRMED.
 This cause came to be heard on the transcript of record and was submitted.
 Petitioner-appellant Anthony Bernardi appeals from an order of the United States District Court for the Western District of New York (Skretny, J.) denying his motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255.
 
 
 1
 On April 1, 1993, Bernardi pleaded guilty to distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), tax evasion, in violation of 26 U.S.C. § 7201, and the unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).
 
 
 2
 On March 1, 1994, the district court sentenced Bernardi to a 12-month term of imprisonment, a five-year term of supervised release, and a $150 special assessment. At the sentencing hearing, the district court stated that it would recommend that the term of imprisonment be served at the Buffalo Halfway House. Bernardi made no objections to the district court's sentence and did not appeal the sentence.
 
 
 3
 On March 28, 1994, Bernardi moved for an order modifying his sentence so that he could serve his term of imprisonment under home confinement, as opposed to community confinement at the Halfway House. On April 15, 1994, the district court denied Bernardi's motion.
 
 
 4
 On June 30, 1995, more than two years after he first was sentenced, Bernardi began to serve his sentence at the Halfway House. This delay was caused by the fact that a person against whom Bernardi had informed was incarcerated at the Halfway House. In August of 1995, Bernardi was transferred from the Halfway House to a federal prison camp because he allegedly had violated certain rules at the Halfway House.
 
 
 5
 In August of 1995, Bernardi filed a motion pursuant to 28 U.S.C. § 2255 to vacate or correct his sentence. As grounds for the motion, Bernardi alleged that the delay between the date he was sentenced and the date he began serving his sentence violated his due process rights and that his sentence violated certain provisions of the Sentencing Guidelines. He requested as relief a sentence of home confinement for the remainder of his term of imprisonment. On August 31, 1995, the district court denied Bernardi's § 2255 motion.
 
 
 6
 On appeal, Bernardi claims that the district court violated U.S.S.G. § 5C1.1(c)(3) by sentencing him to a term of community confinement without making the community confinement a condition of probation. Bernardi complains that the district court apparently did not consider him eligible for probation.
 
 
 7
 A § 2255 petition may not be used as a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). "A party who fails to raise an issue on direct appeal and subsequently endeavors to litigate the issue via a § 2255 petition must 'show that there was cause for failing to raise the issue, and prejudice resulting therefrom.' " United States v. Pipitone, 67 F.3d 34, 38 (2d Cir.1995) (quoting Douglas v. United States, 13 F.3d 43, 46 (2d Cir.1993)). The Supreme Court has explained that " 'cause' ... must be something external to the petitioner, something that cannot be fairly attributed to him." Coleman v. Thompson, 501 U.S. 722, 753 (1991). Furthermore, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." Id. (quotations omitted).
 
 
 8
 Because Bernardi failed to appeal from the 1994 judgment of the district court sentencing him principally to a twelve-month term of imprisonment, he cannot challenge his sentence now unless he can show good cause for not appealing. In his § 2255 petition before the district court, Bernardi stated that "[n]o notice of appeal was filed in this case since the sentence resulted from negotiations between [Bernardi's attorney] and the government[,] and [Bernardi's attorney] could hardly be expected to appeal the product of his own advocacy." This argument fails to satisfy the good cause requirement.
 
 
 9
 First, Bernardi cannot demonstrate good cause by blaming his attorney for not appealing the district court's sentence, because his attorney is his "agent" who failed to act "in furtherance of the litigation." Second, Bernardi's proffered cause is "fairly attributable to him." See Pipitone, 67 F.3d at 38 (stating that defense counsel's "ignorance of existing legal authority that arguably would have supported a downward departure for [the defendant] ... cannot justify [the defendant's] failure to take a direct appeal"). Moreover, Bernardi, in his briefs on this appeal, failed to provide any reason for not appealing the district court's judgment and sentence. Accordingly, Bernardi is barred from raising his claims before this Court.