**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony WASHINGTON, Defendant–**
**Appellant.**

**No. 96–10106.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 1997.

Decided Feb. 18, 1997.

Matthew C. Bockmon and David M. Porter, Assistant Federal Defenders, Sacramento, California, for defendant-appellant.

Elena J. Duarte, Assistant United States Attorney, Sacramento, California, for plaintiff-appellee.

Before: LAY,[*] GOODWIN, and SCHROEDER, Circuit Judges.

PER CURIAM:

Anthony Washington appeals his conviction of use of a firearm during a crime of

violence, in violation of 18 U.S.C. § 924(c)(1). He argues the district court's jury instruction defining "use" was reversible error under *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). We affirm.

Washington and a juvenile cousin robbed a bank together. The juvenile cousin openly displayed a shotgun which he swung around the lobby while ordering employees and customers to get down. At one point, the cousin aimed the shotgun at the back of a bank employee. While the cousin held the employees and customers at bay, Washington vaulted the teller counter and grabbed over $13,000 in cash.

Washington pled guilty to armed bank robbery, but went to trial on the charge that he had "used" the firearm in violation of § 924(c)(1). During deliberations, the jury requested supplemental instruction from the judge on the meaning of "use." Over Washington's objection, the court gave the jury the following supplemental instruction:

> Use means to employ, to make use of, to convert to one's service, to utilize, to carry out a purpose or action by means of. It means to derive service from.

> More than one person can use the same firearm. The use of the firearm must be knowing. A defendant who does not have physical possession of a firearm may still knowingly use the firearm in the course of a violent crime if the firearm is available to the defendant, if defendant intended that the firearm would be used by another participant in the crime, and if defendant benefited and intended to benefit from the use of the weapon by the other participant.

In *Bailey,* decided after the trial in this case, the Supreme Court held that "use" of a firearm in violation of § 924(c)(1) means that the firearm must have been "actively employed" in the commission of the crime. *Bailey,* —— U.S. at ——, 116 S.Ct. at 509. The Court rejected the contention that a defendant could "use" a firearm merely by storing it where it would be available if needed dur-

---

[*] The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

ing a crime. *Id.* at —— ——, 116 S.Ct. at 508–09.

 The supplemental instruction given by the district court in this case is arguably defective in that it stated in part that "[a] defendant who does not have physical possession of a firearm may still knowingly use the firearm in the course of a violent crime if the firearm is available to the defendant...." *See Bailey,* —— U.S. at —— —— ——, 116 S.Ct. at 508–09 (mere availability, without more, is not "use"). Although Washington objected to the instruction, the government argues the objection was insufficiently specific, and that we should therefore review only for plain error. Prior to *Bailey,* however, the law of this circuit established a "solid wall of circuit authority" that the instruction given was appropriate. *See, e.g., United States v. Harper,* 33 F.3d 1143, 1149 (9th Cir.1994); *United States v. Torres–Medina,* 935 F.2d 1047, 1049–50 (9th Cir.1991). Therefore, no objection was required to preserve the issue for appeal, *United States v. Keys,* 95 F.3d 874, 880 (9th Cir.1996) (en banc), and we review for harmless error.

 We conclude that any error in the instruction was harmless. The jury necessarily found facts which constitute "use" under *Bailey. See United States v. Lopez,* 100 F.3d 98, 104 & n. 11 (1996) (applying harmless error standard adopted in *Roy v. Gomez,* 81 F.3d 863, 866–67 (9th Cir.), *vacated on other grounds,* —— U.S. ——, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996)). Given the evidence that the gun was openly displayed from the moment Washington and his fellow robber entered the bank, no rational jury could have concluded that the gun was not actively displayed, nor could a rational jury have concluded that Washington did not know it would be actively displayed. *Cf. id.* at 104–05 (in determining what jury necessarily must have found, this court disregards mere theoretical possibilities and focuses on the factual circumstances of the case). Indeed, counsel admitted in closing there was no question Washington knew about the gun. And it was undisputed at trial that with this knowledge, Washington robbed the bank.

 Washington argues that these facts cannot show that he used the firearm, because he was not the one holding it. *Bailey* does not support this argument. To the contrary, the Supreme Court stated that displaying a gun during a crime is active employment, and that a defendant need not physically hold a gun to display it. *Bailey,* —— U.S. at ——, 116 S.Ct. at 508. "[T]he silent but obvious and forceful presence of a gun ... can be a 'use,'" *id.,* and that is true whether the gun is "on a table," *id.,* or, as here, in the hands of a confederate. By robbing the bank with the knowledge that the gun was actively displayed, Washington himself "used" the firearm.

AFFIRMED.