UNITED STATES of America, Plaintiff,

v.

James B. HARMON, Defendant.

No. 92–CR–60L.

United States District Court,
W.D. New York.

April 23, 1998.

**468**

James B. Harmon, Lompoc, CA, pro se.

*DECISION AND ORDER*

LARIMER, Chief Judge.

## INTRODUCTION

Defendant, James B. Harmon, was convicted in a jury trial in this court in 1992 of bank robbery and of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). In a letter dated February 1, 1998, and received by the court on February 27, 1998, Harmon asked the court to vacate his § 924(c) conviction based on the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Harmon also requests certain other relief regarding his sentence and conditions of incarceration. Harmon's letter was filed on March 5, 1998 as a motion

to vacate his conviction under 28 U.S.C. § 2255.

Before addressing the merits of Harmon's motion, however, I note that this is the second § 2255 motion that he has filed challenging his § 924(c) conviction. His first such motion was filed on February 24, 1995, and I dismissed it on May 13, 1996. The Court of Appeals for the Second Circuit affirmed that dismissal on June 24, 1996.

In *Triestman v. United States*, 124 F.3d 361 (2d Cir.1997), the Second Circuit held that, following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, which amended § 2255 in several respects, a defendant may not bring a second or successive petition under § 2255 to vacate a § 924(c) conviction pursuant to *Bailey*. The court ruled that although *Bailey* changed the law with respect to what must be proven to support a § 924(c) conviction, it did not fall within the current § 2255's exception permitting a second or successive petition to be heard if it is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *Id.* at 372. The court also held, however, that if the defendant is asserting his actual innocence, he remains entitled to bring a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). *Id.* at 380. I will therefore treat Harmon's letter to the court as a § 2241 petition.

## DISCUSSION

### I. Effect of *Bailey v. United States*

In *Bailey*, the Supreme Court held that to obtain a conviction for use of a firearm under § 924(c)(1), the Government must prove "an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." 516 U.S. at 143. "Use," the Court said, would include activities such as "brandishing, displaying, bartering, striking with, ... firing or attempting to fire, a firearm," or referring to a firearm so as to intimidate another person. *Id.* at 148.

The facts underlying Harmon's § 924(c) conviction were set forth in a January 21, 1993 Decision and Order of this court that denied Harmon's motion for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(c). Familiarity with that decision is assumed.

■ A review of those facts makes plain that the evidence in this case was more than sufficient to sustain Harmon's conviction. As stated in my January 1993 decision, there was eyewitness testimony that Harmon approached a bank teller, Linda Ndebi, and "motioned with his eyes, to his hand. Upon looking in that direction, Ndebi saw a gun in the defendant's right hand, resting on the counter." Ndebi also "testified that the barrel of the gun was pointing straight at her for the duration of the robbery." *United States v. Harmon*, 92–CR–60L, slip op. at 1–2 (W.D.N.Y. Jan. 21, 1993).

As stated, the Court in *Bailey* stated that "use" of a firearm includes "brandishing" or "displaying" it in a way that "makes the firearm an operative factor in relation to the predicate offense." That is precisely what Harmon did, and no reasonable argument can be made to the contrary. In fact, Harmon does not make such an argument. He simply cites *Bailey* and asks that his conviction be vacated, as if *Bailey* had declared § 924(c) unconstitutional. All that the Court did in *Bailey* was to clarify what must be proven to sustain a conviction under the statute. The proof in this case was more than adequate. *See Bailey*, 516 U.S. at 138 ("the silent but obvious presence of a gun on a table can be a 'use' "); *see also United States v. Washington*, 106 F.3d 1488, 1490 (9th Cir.) (upholding § 924(c) conviction based on defendant's knowledge during bank robbery that his fellow robber was openly displaying firearm), *cert. denied,* —— U.S. ——, 118 S.Ct. 197, 139 L.Ed.2d 135 (1997); *United States v. Price*, 76 F.3d 526, 529–30 (3d Cir. 1996) (same); *cf. United States v. Jones*, 84 F.3d 1206, 1211 (9th Cir.) (defendant's statement to bank tellers that he had a gun was sufficient to support § 924(c) conviction, even though no one saw the gun during the robbery), *cert. denied,* —— U.S. ——, 117 S.Ct. 405, 136 L.Ed.2d 319 (1996).

Moreover, it is also beyond dispute that Harmon carried the firearm during the robbery, since the teller testified that he was holding it in his hand. The indictment charged Harmon both with using and carrying a firearm, and the verdict form asked whether the jury found Harmon guilty of using and carrying a firearm. *Bailey* did not address the meaning of the word "carry" in § 924(c)(1) or alter existing case law concerning that prong of the statute, and using the common-sense definition of that word, it is obvious that Harmon's conviction can be sustained on that basis as well.

## II. Sentencing Issues

■ Harmon next asks the court to "order that defendant's point level and criminal conviction that was used for enhancement as a career criminal be expunged." Defendant's Motion at 2. Although none of his claims in this regard appear to have any merit, I will not decide them on the merits because it is clear that I lack jurisdiction over these claims. Rule 35(c) of the Federal Rules of Criminal Procedure allows the sentencing court, "acting within 7 days after the imposition of sentence, [to] correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." The Second Circuit has held "that the seven-day period provided for in Rule 35(c) is jurisdictional." *United States v. Abreu–Cabrera*, 64 F.3d 67, 73 (2d Cir.1995) (citing *United States v. Werber*, 51 F.3d 342, 348 (2d Cir.1995)). I therefore have no jurisdiction to alter Harmon's sentence at this point. Moreover, the issues raised by Harmon all could have been raised on his direct appeal, and his failure to do so (no reason for which is given in his papers) bars him from raising these issues now. *United States v. Pipitone*, 67 F.3d 34, 38 (2d Cir.1995); *Douglas v. United States*, 13 F.3d 43, 46–47 (2d Cir.1993).

## III. Custody Issues

■ Harmon further requests that the court direct the Bureau of Prisons to lower his custody classification level. This claim is also dismissed. Harmon has not alleged that his current classification is in any way unlawful, and he has no liberty interest in any

particular classification. *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir.), *cert. denied*, 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994); *Meyer v. Reno*, 911 F.Supp. 11, 16 (D.D.C. 1996). Moreover, there exists an administrative avenue of relief through the Bureau of Prisons' Administrative Remedy Program, *see* 28 C.F.R. §§ 542.10–542.19, and there is no evidence that Harmon has pursued such relief.

### CONCLUSION

Defendant's petition for a writ of habeas corpus is dismissed.

Further, because the issues raised in the petition are not the type that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, this court concludes that the petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. § 2253 and Fed. R.App. P. 22(b), this court denies a certificate of probable cause. Finally, because it appears that any appeal would not be taken in good faith, leave to appeal *in forma pauperis* will be denied.

IT IS SO ORDERED.