**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6493**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN RAY FOWLER,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Irene M. Keeley, Chief District Judge; W. Craig Broadwater, District Judge. (CR-95-11; CR-95-12)

---

Submitted: June 9, 2005                    Decided: June 17, 2005

---

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Kevin Ray Fowler, Appellant Pro Se. Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On or about March 24, 2005, Kevin Ray Fowler filed a notice of appeal from his December 16, 1996, criminal judgment. Because Fowler previously filed an appeal from his 1996 judgment and this Court disposed of the appeal by affirming Fowler's convictions and sentence, this Court is without jurisdiction to entertain a second appeal from the same judgment. In addition, this court does not have jurisdiction because the appeal is clearly untimely as to the December 16, 1996, judgment. See Fed. R. App. P. 4(b)(1). Accordingly, the appeal is dismissed.

Fowler seeks a review of his sentence based upon the rules announced in United States v. Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004). If Fowler were to seek relief from his sentence in a 28 U.S.C. § 2255 (2000) motion, he would need authorization from this court pursuant to 28 U.S.C. §§ 2244 and 2255 because he previously unsuccessfully sought § 2255 relief. Construing his notice of appeal as a motion for authorization, we deny authorization because neither Booker nor Blakely announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.