**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Anthony HAMILTON, Defendant—
Appellant.**

**No. 05–10247.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2006.

Filed Feb. 28, 2006.

Elise Becker, Esq., USSF—Office of the U.S. Attorney, U.S. Attorney, U.S. Attorney's Office, San Francisco, CA, for Plaintiff—Appellee.

Josh A. Cohen, Esq., FPDCA—Federal Public Defender's Office, San Francisco, CA, for Defendant—Appellant.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM *

Hamilton appeals his conviction under 18 U.S.C. § 922(g)(1), for possession of a firearm after having been convicted of a crime punishable by more than one year in prison. We affirm.

■ First, Hamilton argues that the district court erred in excluding his eyewitness expert testimony because the government failed to comply with the requirements of Federal Rule of Criminal Procedure 16 and, as a result, he was not required to comply with Rule 16(b)(1)(C), given its reciprocal nature. The district court's decision to exclude expert testimony is reviewed for abuse of discretion. *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir.1997). The district court found that the government's compliance under Rule 16 was "lousy" and only allowed limited testimony from its expert; therefore, it is questionable whether the district court could have relied on the Rule 16 violation if it offered no other reason to exclude the expert testimony. The district court held, however, that apart from any Rule 16 violation, Hamilton's expert testimony did not satisfy Federal Rule of Evidence 702 and that the disclosure regarding the nature of the expert testimony was untimely and therefore prejudicial to the government. Because we cannot say that the district court's ruling with respect to Rule 702 constituted an abuse of discretion, we affirm its decision to exclude the expert testimony.

■ Second, Hamilton argues that the district court erred in admitting evidence of a prior act under Federal Rule of Evidence 404(b) and that it failed to give a *proper* limiting instruction to the jury as to the purposes for which it could consider such evidence. The district court's admission of evidence under Rule 404(b) is reviewed for abuse of discretion. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir.2002). Even if a Rule 404(b) violation has occurred, reversal is required only if the error was not harmless. *Id.* In this case, the district court's decision to admit Hamilton's prior act under Rule 404(b) as evidence of a common plan or scheme or of identity was highly questionable. Because of the strength of the evidence of Hamilton's guilt, however, we conclude that the admission of the prior incident was not prejudicial. As to the limiting instruction, because Hamilton failed to object to the content of the instruction on either of the first two occasions that the court delivered it to the jury, he may have waived the objection. Even if the objection was not waived, however, the error as to the content of the limiting instruction would have been harmless, and therefore not reversible. *See United States v. Washington*, 106 F.3d 1488, 1490 (9th Cir.1997) (per curiam) (applying harmless error standard to review of jury instructions).

■ Third, Hamilton contends that the district court's supplemental *Allen*-type jury instruction had an impermissibly coercive effect on the jury. The district court's decision to deliver such a supplemental jury instruction is reviewed for abuse of discretion. *United States v. Steele*, 298 F.3d 906, 909 (9th Cir.2002). Because Hamilton failed to object to the instruction, however, we review for plain

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

error. *United States v. Matsumaru,* 244 F.3d 1092, 1102 (9th Cir.2001). Although the district court's decision to deliver the instruction on more than one occasion, including the instance in which it was delivered to a sole juror, was also questionable, we conclude that the instruction was not unduly coercive, given the totality of the circumstances. *See Jiminez v. Myers,* 40 F.3d 976, 980 (9th Cir.1994) (per curiam). Moreover, in at least one instance, defense counsel stated affirmatively that he had no objection to the instruction. *See United States v. Handy,* 454 F.2d 885, 889–90 (9th Cir.1972) (objection to *Allen* instruction waived where defense counsel stated that he had no objection to the instruction). Therefore, we conclude that the district court's decision to deliver the supplemental jury instruction does not constitute plain error.

Accordingly, the judgment of the district court is **AFFIRMED.**