Salvatore SCALA, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 03–CV–5842 (ADS).

United States District Court, E.D. New York.

Aug. 18, 2006.

Law Office of Marvin B. Segal, by Marvin B. Segal, of Counsel, New York, NY, for the Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, by Assistant United States Attorney Cecil C. Scott, Brooklyn, NY, for Respondent.

### *MEMORANDUM OF DECISION AND ORDER*

SPATT, District Judge.

Salvatore Scala (the "petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("Section

2255"). For the reasons stated below, the petition is denied.

## I. BACKGROUND

On February 9, 2001, the Government charged the petitioner, an alleged member of the Gambino Organized Crime Family, with multiple crimes stemming from his alleged involvement in the extortion of two adult entertainment businesses known as "Cherry's Video" and the "Forbidden Fruit." Following a jury trial, the petitioner was convicted of one charge, conspiring to extort Cherry's Video. The petitioner was acquitted of various other charges including extortion, attempted extortion, and loansharking conspiracy.

On May 22, 2001, a judgment of conviction was entered against the defendant. On November 2, 2001, United States District Judge Jacob Mishler sentenced the petitioner to a term of sixty-three months in prison and three years of supervised release.

The petitioner appealed, challenging (1) the district court's empanelling of an anonymous jury; (2) the admissibility of certain expert testimony presented at the trial; (3) the sufficiency of the evidence supporting the conviction; and (4) the sufficiency of the evidence supporting the imposition of the base offense level at sentencing. The petitioner also raised several due process claims regarding the admissibility of certain testimony at trial and the substance of the Government's summation. The Second Circuit Court of Appeals affirmed the petitioner's conviction and sentence. *United States v. Carneglia,* 47 Fed. Appx. 27 (2d Cir.2002).

The basis of this petition is the petitioner's argument that it was improper to increase the base offense level for the crime of "extortion involving a threat of physical injury" based on the involvement of "an

express or implied threat of death, bodily injury, or kidnaping" in the commission of the crime. See U.S.S.G. 2B3.2(b)(1).

## II. DISCUSSION

### A. Standard of Review

Section 2255 provides a post conviction remedy for federal prisoners similar to the historic writ of habeas corpus available to state prisoners that is now codified in Section 2255. Pursuant to Section 2255, a federal prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the basis that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

█ As stated by the Second Circuit, "because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir.1995), abrogated on other grounds by *Mickens v. Taylor*, 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002); *see also United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). As a result, prisoners seeking habeas corpus relief pursuant to Section 2255 must show both that their rights were violated, and that this violation resulted in "substantial prejudice" or a "fundamental miscarriage of justice." *Ciak*, 59 F.3d at 301.

### B. Procedural Default

█ "A motion under § 2255 is not a substitute for an appeal." *United States v.* *Munoz*, 143 F.3d 632, 637 (2d Cir.1998). In Section 2255 proceedings, the Supreme Court has recognized the rule of procedural default or "exhaustion" of federal remedies. *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). Generally, the rule bars the presentation of a claim through a writ of habeas corpus where the petitioner failed to properly raise the claim on direct review. *Id.* If the claim has not been presented on direct review, the procedural bar may be waived only if the petitioner establishes (1) "cause" for the waiver and "actual prejudice" from the alleged violations; or (2) "actual innocence." *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 1998); *see also Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643–44, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977); *Douglas v. United States*, 13 F.3d 43, 46 (2d Cir.1993).

### C. As to the Instant Petition

█ The petitioner was convicted under section 1951 of title 18 of the United States Code, which makes it a crime to commit extortion by threats or violence. 18 U.S.C. § 1951. At sentencing, the petitioner's base offense level, 18, was increased by two levels because the commission of the crime "involved an express or implied threat of death, bodily injury, or kidnaping." U.S.S.G. § 2B3.2(b)(1).

The gravamen of the petitioner's argument appears to be that the enhancement of his sentencing range under section 2B3.2(b)(1) cannot be applied to a conviction under 18 U.S.C.1951, because this will, in effect, punish the defendant twice for

the same conduct. Specifically, the petitioner argues that

> Physical injury is an incorporated aspect of the means by which the objective of the Hobbs Act is accomplished, and is already factored into the possible punishment of a twenty-year imprisonment. In this respect, the statute and the enhancement *are coextensive,* and it is the reason for evaluating guideline treatment under USSG § 2B3.2, and a base level of 18.

Petitioner's Br. 11.

The petitioner did not make this argument at any level during his direct review. Although the petitioner did challenge the calculation of his sentencing range on appeal, those challenges were based on the sentencing Court having added base offense level points because of Scala's managerial role in the conspiracy, and based on the total amount of money demanded from the victim. *United States v. Carneglia,* 47 Fed.Appx. 27, 36 (2d Cir.2002).

The petitioner admits that this issue is being raised for the first time in this proceeding. Petitioner's Br. 14 ("No specific objection was made to the addition of two levels to the offense [under U.S.S.G. § 2B3.2(b)(1) ]."). Thus, in the absence of "cause and prejudice," *see Bousley,* 523 U.S. at 622, 118 S.Ct. at 1611, the petitioner is procedurally barred from making this argument. However, the petitioner does not argue cause and prejudice, and the Court finds no basis for such a claim. In this regard, the petitioner states only that the "failure to raise the issue, it is clear, was not a calculated decision." Petitioner's Br. 14. This explanation is insufficient to excuse the procedural default in this matter, and falls short of a claim that counsel at sentencing was ineffective.

However, were the Court to address the merits the petitioner's argument, the petition would still be denied because the Second Circuit has expressly rejected the argument made by the petitioner in this case. *See United States v. Taylor,* 92 F.3d 1313, 1335 (2d Cir.1996). In *Taylor,* Judge Feingberg wrote that:

> The [extortion] statute and the enhancement [under 2B3.2(b)(1) ] are not coextensive. Extortion punishable under 18 U.S.C. § 1951 can involve a threat of injury to the victim's property or other economic harm, as distinct from physical injury.... The sentence enhancement requires 'an express or implied threat of death, bodily injury or kidnapping.' ... The enhancement therefore singles out extortions involving threats of physical harm for greater punishment.

*Id.* at 1335. *Taylor* is controlling. Accordingly, the petition is denied.

### D. As to the Retroactive Application of *Booker*

■ In a supplemental memorandum filed on October 13, 2005, the petitioner argues that his sentence is invalid under the United States Supreme Court decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This argument is without merit. Every circuit court to address the issue, including the Second Circuit, has held that *Booker* does not apply retroactively. *See Guzman v. United States,* 404 F.3d 139, 144 (2d Cir.2005); *see also In re Zambrano,* 433 F.3d 886 (D.C.Cir.2006); *Lloyd v. United States,* 407 F.3d 608 (3d Cir.2005); *In re Elwood,* 408 F.3d 211, 213 (5th Cir.2005); *United States v. Fowler,* 133 Fed.Appx. 922, 922–23 (4th Cir.2005); *Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Price,* 400 F.3d 844, 845 (10th Cir.2005); *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir. 2005); *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir.2005). The petitioner's conviction became final on November

25, 2002. *Booker* issued nearly two years later, on January 12, 2005. *See* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621. Thus, *Booker* cannot not be applied to the petitioner's sentence.

## III. CONCLUSION

For the reasons stated above, the Court DENIES Salvatore Scala's petition for a writ of habeas corpus. Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED, as the Petitioner fails to make a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**