UNITED STATES of America, Appellee,

v.

Arthur TARRICONE, John Pabone,
Dominic A. Bombace,
Defendants,

John Barberio and Marat Balagula,
Defendants–Appellants.

Nos. 1175, 1176, Dockets 92–1622, 92–1687.

United States Court of Appeals,
Second Circuit.

Submitted Nov. 1, 1993.

Decided Dec. 3, 1993.

Opinion Amended April 5, 1994.

Loretta C. Argrett, Asst. Atty. Gen. (Robert E. Lindsay, Alan Hechtkopf, Scott A. Schumacher, Tax Div., U.S. Dept. of Justice, Washington, DC, Zachary W. Carter, U.S. Atty., of counsel), for appellee.

J. Shane Creamer (Mark A. Nation, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, PA), for defendant-appellant John Barberio.

Before: ALTIMARI and WALKER, Circuit Judges, and LASKER, District Judge.*

## AMENDED OPINION

LASKER, District Judge:

Our opinion of June 24, 1993, which sets out the relevant facts, remanded defendant-appellant John Barberio's case for an evidentiary hearing to develop a factual record on the issue of whether his trial counsel rendered ineffective assistance. *United States v. Tarricone*, 996 F.2d 1414 (2d Cir.1993). The trial judge held the evidentiary hearing on August 10 and August 30, 1993 and, at its conclusion, denied the claim of ineffective assistance of counsel.

On September 14, 1993, the judges on the panel requested that counsel submit letter briefs on "[w]hether, in the light of the evidence of record, the District Judge correctly rejected Barberio's claim that his trial counsel rendered ineffective assistance" by failing to consult a handwriting expert who might have testified that the handwriting on Government Exhibit 31–1, a so-called throughput agreement, was not Barberio's.

On September 23, 1993, we also requested briefs on an additional issue which was raised for the first time at the hearing on remand. Barberio's counsel claimed at the hearing that the government knew or should have known at the time of trial that the handwriting on the throughput agreement was not Barberio's, but had nevertheless elicited contrary testimony from two of its witnesses. We asked the parties to address "the claim that the government knew or should have known that the handwriting identification testimony from its witnesses was false or would be false."

On December 3, 1993, we issued an opinion affirming the district court's decision rejecting Barberio's ineffective assistance of counsel claim. With regard to the government misconduct claim, we determined on the facts before us that the only reasonable conclusion was that the handwriting testimony was false and that the government knew or should have known that it was false, and we re-

manded Barberio's case for a determination by the district court whether there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *United States v. Tarricone*, No. 92–1622, –1687 (2d Cir. Dec. 3, 1993).

In a petition for rehearing, the government proffered additional facts outside the record bearing on the question of the falsity of the handwriting testimony and the government's knowledge thereof. The evaluation of these facts is best left to the district court in the first instance. Accordingly, we expand the scope of the remand of Barberio's case for further development of the facts and a determination by the district court whether (1) the handwriting testimony was false, (2) the government knew or should have known that the handwriting testimony was false and (3) there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.

## DISCUSSION

1. *Ineffective Assistance of Counsel.*

▮▮▮▮ To maintain a claim of ineffective assistance of counsel in a criminal case, a defendant must establish both "that counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068.

Barberio argues that, if his trial counsel had put expert testimony before the jury that Barberio's handwriting was not on the throughput agreement, thereby rebutting the contrary testimony of two government witnesses, there would have been a reasonable probability that the outcome of the case would have been more favorable to him.

At the conclusion of the hearing on remand the trial judge denied Barberio's ineffective assistance claim. He stated:

* Hon. Morris E. Lasker, *Judge,* United States District Court for the Southern District of New York, sitting by designation.

I thought [counsel] was quite competent. In fact, I was impressed that he was able to walk the line of keeping out damaging material. And if part of that walking the line was not calling an expert, that was his call.

In addition, he did quite a job of separating himself from the other three defendants, and he did do that, and maybe it was his tactics to make sure not to call attention to his client's involvement by keeping everything to a minimum and of not opening up the door and not connecting him.

. . . .

As the Judge sitting on the trial I felt he did a competent job, and I certainly would not classify him as ineffective. . . .

. . . .

He certainly knew there was an inconsistency and he chose to leave it up to the jury and he argued to the jury that it wasn't [Barberio's] signature.

On examination by government counsel at the hearing, Barberio's handwriting expert agreed that there were a number of clearly apparent differences between Barberio's handwriting and the handwriting on the throughput agreement and that the jury could have "seen the differences" as well as the similarities between the two. The expert's testimony now persuades us that trial counsel could reasonably have concluded that the jury could, on its own, recognize that the handwriting on the throughput agreement was not Barberio's. This was a strategic choice counsel was entitled to make. Accordingly, we affirm the District Court's decision.

## 2. Government misconduct.

 Barberio claimed for the first time on remand that the government had made knowing use of false testimony in securing his conviction. Since this case was remanded solely for consideration of the ineffective assistance of counsel claim, the district court was not required, and indeed declined, to rule on the government misconduct claim despite Barberio's arguments on this issue.

The record indicates that the government had received a forensic handwriting report prior to trial concluding that the handwriting on the first page of the throughput agreement was the handwriting of Anthony Marrale, a cooperating government witness, and that Marrale had testified before the grand jury that the signature on the last page of the throughput agreement "look[ed] like" his own handwriting.

Charged with this knowledge, the government nevertheless elicited trial testimony from Louis Capossela, Barberio's boss, that he "would think" the handwriting was Barberio's and from Joanne DeVito, Capossela's secretary, unqualifiedly identifying the handwriting as Barberio's. Moreover, the government relied on DeVito's testimony in its rebuttal summation when it asked rhetorically: "Ms. DeVito told you that the handwriting here is that of John Barberio. If John Barberio was not a part of this scheme, what is he doing preparing [this] agreement . . . ?"

The conflict between the handwriting expert's report and Marrale's grand jury testimony on the one hand, and the testimony elicited by the government from Capossela and DeVito on the other, raises a strong inference that the government used testimony which it knew or should have known to be false in order to secure Barberio's conviction. However, because the government has proffered additional facts outside the record bearing on the question whether the government had reason to believe the handwriting testimony of its witnesses despite the forensic report and Marrale's grand jury testimony, and because these facts should be evaluated by the district court in the first instance, we remand the question of prosecutorial misconduct to the district court.

## CONCLUSION

We affirm the District Court's decision denying Barberio's ineffective assistance of counsel claim and remand Barberio's case for further development of the facts and a determination by the district court whether (1) the handwriting testimony was false, (2) the government knew or should have known that the handwriting testimony was false and (3) there is any reasonable likelihood that the

false testimony could have affected the judgment of the jury.