**Ancizar VELASQUEZ, Petitioner,**

v.

**UNITED STATES of America.**

Nos. 98 Civ. 2606(BDP), S2
95 Cr.  740(BDP).

United States District Court,
S.D. New York.

Oct. 1, 1998.

Ancizar Pelaez Velasquez, Fort Dix, NJ, pro se.

I. Bennett Capers, A.U.S.A., United States Attorney's Office, New York City, for U.S.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

By Petition filed March 16, 1998, Ancizar Velasquez seeks to vacate a Judgment of Conviction entered on November 7, 1996. *See* 28 U.S.C. § 2255.  Following trial, Velasquez was convicted of conspiracy to distribute heroin and conspiracy to import heroin in violation of Title 21 U.S.C. §§ 846 and 963. He was sentenced to 63 months incarceration

followed by 4 years supervised release and a $100 special assessment.

In his *pro se* petition, Velasquez raises essentially three claims. The first is that his conviction must be set aside because the Customs agents in Miami, Florida, who initially intercepted a package from Colombia destined for Velasquez' residence in White Plains, New York, failed to obtain a warrant before searching the parcel in Miami. Next, Velasquez contends that agents in New York improperly searched his residence under circumstances not consistent with the terms of their anticipatory search warrant. Finally, Velasquez contends that trial counsel was ineffective for failing competently to advance these claims.

■ The government correctly points out that Velasquez' claims are procedurally barred. Federal prisoners may not use proceedings brought pursuant to § 2255 as a supplemental direct appeal. *United States v. Frady,* 456 U.S. 152, 156, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1992). Each of the claims that Velasquez makes in his petition could have been, but was not, raised on direct appeal. Consequently, a prisoner such as Velasquez who "fail[s] properly to raise his claim on direct review" is barred from obtaining collateral relief under Section 2255 unless "he establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged error.'" *Reed v. Farley,* 512 U.S. 339, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994); *Douglas v. United States,* 13 F.3d 43, 46 (2d Cir.1993) (the failure to raise a particular ground on direct appeal will bar consideration of that claim in a Section 2255 motion unless the movant can show that there is cause for failing to raise the issue, and prejudice results therefrom.)

■ The requirement that an otherwise procedurally barred petition demonstrate "cause and prejudice" also applies to claims of ineffective assistance of counsel raised for the first time under § 2255 so long as "the defendant had new appellate counsel on direct appeal and the record was fully developed on the ineffectiveness issue." *Billy-Eko v. United States,* 8 F.3d 111, 115 (2d Cir.1993); *see also, Douglas v. United States,* 13 F.3d at 47. Both conditions are met here

and, consequently, each of Velasquez' claims are procedurally barred since none were raised on direct appeal and his petition fails to establish either cause or prejudice.

■ Even if Velasquez' claims were not barred, they do not have merit. With respect to the Miami search, it is well settled that no warrant is required for routine searches of items entering the United States. *See United States v. Montoya de Hernandez,* 473 U.S. 531, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985); *Torres v. Puerto Rico,* 442 U.S. 465, 99 S.Ct. 2425, 61 L.Ed.2d 1 (1979).

■ Velasquez is similarly incorrect that the anticipatory search warrant for his residence was conditioned on the acceptance of the package by one "Carlos Pelaez." As the affidavit in support of the warrant made clear, the authority to search was not conditioned on the acceptance of the package by a particular individual since the Customs Service did know precisely who might ultimately accept delivery in White Plains since they had learned that individuals other than Palaez resided at the premises.

■ Finally, failure to raise these issues at trial does not equate with ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Since each of the claims that Velasquez faults trial counsel for not having advanced was clearly without merit, trial counsel's failure to present or advance them cannot be said to amount with ineffective assistance of counsel. *See United States v. Arnold,* 126 F.3d 82, 89 (2d Cir.1997); *United States v. Tarricone,* 21 F.3d 474, 475 (2d Cir.1993).

The petition is, in all respects, denied. The Clerk shall enter a final judgment.

**SO ORDERED:**