**UNITED STATES of America, Government Appellee,**

v.

**Judson BROWN, Defendant–Appellant.**

**Docket No. 03–1542.**

United States Court of Appeals, Second Circuit.

Oct. 18, 2005.

---

Jeffrey C. Kestenband, Moriarty & Paetzold LLC, Glastonbury, Connecticut, for Appellant.

Anthony E. Kaplan, Assistant United States Attorney, (William J. Nardini, Assistant United States Attorney, on the brief), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, Connecticut, for Appellee.

Present: MESKILL, NEWMAN and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, dated August 25, 2003, and entered on the docket on August 28, 2003, is AFFIRMED in part and REMANDED in part.

Judson Brown appeals from a judgment of conviction, entered after a jury trial, on charges of importation of and attempted possession with intent to distribute 500 grams or more of cocaine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, 952(a), 960(b)(2)(B); 18 U.S.C. § 2. Brown argues that (1) his trial counsel was constitutionally ineffective in failing to move to suppress statements that Brown made to law enforcement officers on December 15, 2000 prior to receiving *Miranda* warnings, *see Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); (2) the district court erred in refusing to suppress a mail receipt seized during a customs search; (3) the court erred in allowing a handwriting analyst to offer expert testimony regarding Brown's authorship of certain documents; and (4) errors in sentencing warrant a remand pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Ineffective Assistance of Counsel*

To the extent that Brown's Sixth Amendment challenge is premised on assertions that his statement made to Agent Solis was not spontaneously volunteered so as to come within the exception to *Miranda* recognized in *Rhode Island v. Innis*, 446 U.S. 291, 299—302, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), and was made within the enclosed area rather than on the jetway, Brown's challenge presents a factual issue that cannot be resolved on the present record. He will have to pursue that claim pursuant to 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504—05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *accord United States v. Khedr*, 343 F.3d 96, 100 (2d Cir.2003) (declining to pass upon defendant's ineffective assistance claim because factual record was insufficient to resolve claim on direct appeal).

### 2. *The Seizure of the EMS Receipt*

Brown does not, and cannot, challenge the warrantless border search

that led to the discovery of the challenged mailing receipt. *United States v. Montoya de Hernandez,* 473 U.S. 531, 538, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985); *United States v. Ramsey,* 431 U.S. 606, 616—19, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977). Instead, he submits that the government could not seize the receipt without probable cause, or at least reasonable suspicion, that it was evidence of criminal activity. In fact, however, the record demonstrates probable cause. Brown's possession of various items suggestive of criminal activity, notably, a counterfeit $100 bill and paraphernalia associated with drug trafficking; his recent arrival from Colombia, a country recognized as a source of both counterfeit United States currency and illegal drugs; and his initial statement that, if he were involved in any smuggling activity, he would mail rather than carry the contraband combined to give law enforcement officers probable cause to believe that the mailing receipt for the transmittal of a package from Colombia to the United States was linked to contraband smuggling.[1]

Accordingly, Brown's motion to suppress the mailing receipt was properly denied.

### 3. *The Handwriting Expert*

■ Brown submits that handwriting analysis does not satisfy the requirements for the admission of expert testimony, *see* Fed.R.Evid. 702, such that the district court, pursuant to its "gatekeeping responsibility" under *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), was obliged to limit the government's handwriting expert to noting similarities between the questioned documents and Brown's exemplar and to preclude the expert from expressing any opinion as to whether Brown was the author of the questioned documents. Similar attacks on handwriting analysis have been rejected by our sister circuits. *See, e.g., United States v. Prime,* 363 F.3d 1028, 1032—35 (9th Cir.2004), *vacated on other grounds,* —— U.S. ——, 125 S.Ct. 1005, 160 L.Ed.2d 1007 (2005); *United States v. Crisp,* 324 F.3d 261, 270 (4th Cir.2003); *United States v. Mooney,* 315 F.3d 54, 61—62 (1st Cir.2002); *United States v. Jones,* 107 F.3d 1147, 1160—61 (6th Cir. 1997). While our own court has not addressed the issue, we have routinely alluded to expert handwriting analysis without expressing any reservation as to its admissibility under Rule 702. *See, e.g., United States v. Tin Yat Chin,* 371 F.3d 31, 39 (2d Cir.2004) (referring to defendant's proffer of a handwriting expert); *United States v. Badmus,* 325 F.3d 133, 137 (2d Cir.2003) (discussing government's use of expert testimony to identify defendant's handwriting on series of documents); *cf. United States v. Tarricone,* 21 F.3d 474, 475–76 (2d Cir. 1994) (rejecting ineffectiveness challenge based on defense counsel's failure to put

---

1. To the extent Brown contends that a *Miranda* error precludes consideration of his initial statement as a basis for the seizure of the mailing receipt, that argument was not raised below and therefore can only be reviewed for plain error. *See United States v. Edwards,* 342 F.3d 168, 179 (2d Cir.2003). Brown cannot demonstrate plain error, both because the record evidence indicates that the initial statement was spontaneously volunteered rather than made in response to custo-

dial interrogation, *see Rhode Island v. Innis,* 446 U.S. at 299—302, 100 S.Ct. 1682, and because the Supreme Court's recent decision in *United States v. Patane,* 542 U.S. 630, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004), precludes the conclusion that it is plain error for a court, in finding that law enforcement officers had probable cause to seize physical evidence under the plain view doctrine, to consider a defendant's uncoerced statement made in violation of *Miranda.*

forward expert handwriting testimony to rebut lay opinion testimony as to authorship of certain documents). We accord considerable deference to a district court's admission of expert testimony and will only reverse for manifest error. *See United States v. Tin Yat Chin,* 371 F.3d at 40; *Amorgianos v. National R.R. Passenger Corp.,* 303 F.3d 256, 265 (2d Cir.2002). Having reviewed the record of proceedings relevant to the district court's decision to allow the challenged expert testimony in this case, we find no such manifest error.

■ Even if there had been error, however, we are satisfied that it was harmless beyond a reasonable doubt. *See* Fed. R.Crim.P. 52(a); *United States v. Dukagjini,* 326 F.3d 45, 61—62 (2d Cir.2003). Preliminarily, we observe that handwriting comparison is more readily comprehensible to a jury than other fields of forensics analysis, *see United States v. Tarricone,* 21 F.3d at 476 (recognizing that documents sometimes permit analysis by jury without expert). Thus, there is little reason to be concerned that a jury will place undue weight on the expert's ultimate opinion without carefully scrutinizing the basis for his conclusion. That is particularly so in this case, where the government's expert noted inconsistencies as well as consistencies in the compared documents. Trial Tr. at 364—67. More important to our harmless error conclusion, Brown's handwriting on the questioned document was only marginally relevant to proving his guilt, whereas the other evidence of his guilty importation and possession of the charged cocaine was overwhelming. *See United States v. Esieke,* 940 F.2d 29, 36 (2d Cir. 1991) (holding that alleged error in admitting evidence was harmless in light of overwhelming evidence of guilt).

4. *Remand for Resentencing*

■ Brown asks us to remand this case to allow the district court to consider the propriety of resentencing consistent with our decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). Because Brown specifically challenged the district court's mandatory use of the Guidelines, he is entitled to resentencing, *see United States v. Fagans,* 406 F.3d 138 (2d Cir. 2005), and, accordingly, we remand with that direction.

For the reasons stated, the conviction in this case is AFFIRMED, but the case is REMANDED for the district court to vacate its August 25, 2003 judgment and resentence in conformity with *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).