**UNITED STATES of America,**

**v.**

**Doug WHITMAN, Defendant.**

**No. 12 Cr. 125 JSR.**

United States District Court,
S.D. New York.

Signed July 22, 2015.

Christine Ingrid Magdo, David Seymour Leibowitz, Jillian Blythe Berman, U.S. Attorney's Office, Christopher Lloyd Lavigne, Shearman & Sterling LLP, New York, NY, for United States of America.

Alexandra A.E. Shapiro, Shapiro Arato LLP, David Matthew Rody, Michael D. Mann, Sidley Austin LLP, New York, NY, David Lloyd Anderson, Patrick Steven Kelly, Sidley Austin LLP, Dennis P. Riordan, Riordan & Horgan, San Francisco, CA, Nicolas W. Thompson, Quin Mikael Sorenson, Sidley Austin LLP, Washington, DC, for Doug Whitman.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

On August 20, 2012, following a three-week trial, the jury in this case convicted defendant Douglas Whitman of two counts of conspiracy to commit securities fraud and two counts of substantive securities fraud. In so doing, the jury found that Whitman, a second-level tippee, traded and conspired to trade on material non-public information that he received from two direct tippees of insiders at three publicly traded companies—insiders whom, Whitman knew, received or expected to receive personal benefits in return. The Second Circuit affirmed the convictions on appeal. *See United States v. Whitman,* 555 Fed. Appx. 98 (2d Cir.2014). Whitman now moves pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence, joining the ranks of defendants who seek to find belated advantage in an overbroad reading of the Second Circuit's recent decision in *United States v. Newman,* 773 F.3d 438 (2d Cir.2014). *See, e.g., United States v. Gupta,* No. 11 Cr. 907, 111 F.Supp.3d 557, 2015 WL 4036158 (S.D.N.Y. July 2, 2015); *S.E.C. v. Jafar,* No. 13 Civ. 4645, 2015 WL 3604228 (S.D.N.Y. June 8, 2015); *S.E.C. v. Payton,* No. 14 Civ. 4644, 97 F.Supp.3d 558, 2015 WL 1538454 (S.D.N.Y. Apr. 6, 2015); *United States v. Riley,* No. 13 Cr 339, 90 F.Supp.3d 176, 2015 WL 891675 (S.D.N.Y. Mar. 3, 2015); *United States v. Conradt,* No. 12 Cr. 887, 2015 WL 480419 (S.D.N.Y. Jan. 22, 2015); *see also United States v. Salman,* 792 F.3d 1087 (9th Cir. 2015). The sheer poverty of Whitman's motion (not to mention chutzpah) is illustrated by the fact that his present counsel is reduced to arguing, without a shred of

factual support, that Whitman's prior appellate counsel, the highly reputed Carter G. Philips, Esq., along with the team of partners and associates at Sidley Austin LLP who represented Whitman on the appeal, provided Whitman with constitutionally defective assistance of counsel.[1]

Whitman's instant motion purports to arise from two rulings that bookended the proceedings in front of this Court. First, Whitman contends that the Court erred in denying his pre-trial motion to dismiss the Indictment. Whitman had argued at that time that the Indictment failed to adequately allege that he knew that the insider tippers were receiving actual or anticipated personal benefits from making the tips; but the Court found that the Indictment, read as a whole, made out that allegation by necessary implication. *See* June 21, 2012 Transcript of Oral Argument at 3:12–20. Subsequently, the jury found that Whitman had indeed possessed such knowledge, and Whitman did not appeal the Court's denial of his motion to dismiss the Indictment. Whitman argues now, however, that certain language in *Newman* rejects the implication on the basis of which the Court had denied that motion.

Second, Whitman challenges the Court's instruction to the jury that, with respect to the personal benefit element of an insider trading violation, "the benefit ... could include, for example, ... just maintaining or furthering a friendship." August 17, 2012 Trial Transcript at 2952:5–16. According to Whitman, *Newman* rendered this instruction erroneous by holding (as he reads *Newman*) that the personal benefit must be "objective, consequential, and

represent[ ] at least a potential gain of a pecuniary or similarly valuable nature" to the tippee. 773 F.3d at 452. Further, Whitman argues that, even though Whitman objected at trial to the Court's instruction on grounds similar to those he now raises, and even though (as discussed below) the Court finds that he failed to appeal the denial of that objection, the failure of his appellate counsel to raise this issue on his direct appeal constituted ineffective assistance of counsel of constitutional proportions, allowing him to raise it now.

As the latter point suggests, the procedural posture in which Whitman brings his instant motion—*i.e.,* by way of collateral attack seeking, in effect, a second bite at the appellate pomegranate—requires the Court to resolve certain threshold issues before it may even consider the merits of Whitman's legal arguments. On the one hand, if Whitman raised these arguments on his direct appeal, then he is barred from raising the issues again here unless *Newman* announced a "new rule" of law that has retroactive effect. *See Davis v. United States,* 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). On the other hand, if Whitman's direct appeal omitted these arguments, then, for the Court to reach the merits, Whitman must show " 'cause for failing to raise the issue[s], and prejudice resulting therefrom.' " *See Rosario v. United States,* 164 F.3d 729, 732 (2d Cir. 1998) (quoting *Douglas v. United States,* 13 F.3d 43 (2d Cir.1993)). Otherwise, Whitman is entitled to relief only if he can show "actual innocence," that is, that "in light of all the evidence, it is more likely

---

1. The Court does not mean to suggest that either a lawyer's or his firm's reputation is a sufficient reason by itself to deny an ineffective assistance claim. *Cf. Maples v. Thomas,* —— U.S. ——, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012). As discussed below, however, there is in this case not even a hint of ineffective assistance, and the long history of exemplary performance frequently attributed to Whitman's prior counsel simply serves to highlight the absurdity of Whitman's present claim of ineffective assistance.

than not that no reasonable juror would have convicted him." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation marks omitted).

■ Whitman does not seriously contend that he appealed the denial of his motion to dismiss the Indictment. With respect to his objection to the jury instruction, however, Whitman asserts that he somehow preserved his challenge to the denial of that objection by certain statements that he made in arguing on appeal that "there was insufficient evidence of any 'personal benefit.'" *United States v. Whitman,* No. 13–491, Brief of Defendant–Appellant Douglas Whitman, 2013 WL 1739686, at *50. Presentation of a sufficiency-of-the-evidence argument, however, raises entirely different questions from a challenge to jury instructions.[2] Indeed, because Whitman only raised a sufficiency challenge, the Court of Appeals was never called upon to assess the jury instruction here in issue. The claim, as a result, is procedurally defaulted.

■ It follows that Whitman must show "cause and prejudice" to challenge the Indictment and the jury instruction at this stage. In support of his claim that cause exists, Whitman primarily relies on the rule that, "where a ... claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." *Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). In turn, a claim is "not reasonably available" when, at the time of the procedural default, binding precedent

foreclosed the argument, *see id.* at 17, 104 S.Ct. 2901, or when the defendant "lacked the relevant tools with which to raise his ... claim on direct appeal," *Jackson v. Leonardo,* 162 F.3d 81, 84 (2d Cir.1998) (argument not novel when derived from preexisting Supreme Court and state court case law).

■ Under this standard, the attacks Whitman makes now are clearly not novel: indeed he advanced these arguments both prior to and during trial before abandoning them on appeal. With respect to the sufficiency of the Indictment, the proposition that a tippee, to be liable for insider trading, must know that the insider who leaked the information not only breached his duty of confidentiality but also received some actual or potential personal benefit in doing so was a proposition that had long been "percolating in the lower courts," *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986), prior to Whitman's appeal. *See, e.g., State Teachers Ret. Bd. v. Fluor Corp.,* 592 F.Supp. 592, 594 (S.D.N.Y.1984) ("The second prerequisite to tippee liability-tippee knowledge of tipper breach—necessitates tippee knowledge of *each element,* including the personal benefit, of the tipper's breach.") (emphasis in original). Indeed, it had been the subject of a very prominent decision rendered just prior to the Whitman trial, *see United States v. Rajaratnam,* 802 F.Supp.2d 491, 498–99 (S.D.N.Y.2011), which found such knowledge to be required by the Supreme Court's decision in *Dirks v. SEC,* 463 U.S. 646, 103 S.Ct. 3255, 77 L.Ed.2d 911 (1983).[3]

---

**2.** Whitman himself acknowledges this distinction when he argues in connection with this motion that, even if "a properly instructed jury could have found him guilty, based on a finding of sufficient non-friendship benefit to the tippers, the jury at Mr. Whitman's trial was not required to make such a finding" as a result of the allegedly defective jury instruc-

tion. *See* Memorandum of Law in Support of Defendant Douglas Whitman's Motion Pursuant to 28 U.S.C. § 2255 ("Def.'s Br."), ECF Dkt. No. 183, at 12–13 (emphasis omitted).

**3.** The Court in *Newman* noted this history in reaching the same conclusion:

Furthermore, Whitman's position that he had to have knowledge of a personal benefit to the insider was accepted *arguendo* by this Court itself at the time it denied his motion to dismiss the Indictment, and was subsequently accepted by the Court at trial. *See United States v. Whitman*, 904 F.Supp.2d 363, 371 (S.D.N.Y.2012). Specifically, the Court assumed that the Indictment had to allege that Whitman had such knowledge but held that the Indictment adequately alleged this element by implication. Thus, the only aspect of Whitman's claim that was appealable was his claim that the Indictment did not adequately state an essential element of the offense—hardly a novel argument. *See, e.g., United States v. Weintraub*, 27 Fed. Appx. 54, 56 (2d Cir.2001); *United States v. Sattar*, 272 F.Supp.2d 348, 373 (S.D.N.Y.

2003); *United States v. Lasky*, 967 F.Supp. 749, 752 (E.D.N.Y.1997).[4]

■■■ Whitman's challenge to the jury instruction likewise was not novel at the time of his appeal. As this Court has previously explained, *Newman* could not, and did not, overturn any prior precedent regarding the meaning of "personal benefit" in this context.[5] *See Gupta*, 111 F.Supp.3d at 559–60, 2015 WL 4036158, at *2. Moreover, "the relevant tools" Whitman needed to make his argument on direct review were not merely "available" to him in the abstract, but he, in fact, cited them in the process of challenging this Court's jury instructions. *Compare United States v. Newman*, No. 13–1837, Brief of Defendant–Appellant Todd Newman, 2013 WL 4497029, at *49 (citing *Dirks v. SEC*, 463 U.S. 646, 103 S.Ct. 3255, 77 L.Ed.2d 911 (1983); *SEC v. Anton*, 2009

---

In [doing so], we join every other district court to our knowledge—apart from Judge Sullivan—that has confronted this question. *Compare United States v. Rengan Rajaratnam*, No. 13–211 (S.D.N.Y. July 1, 2014) (Buchwald, J.); *United States v. Martoma*, No. 12–973 (S.D.N.Y. Feb. 4, 2014) (Gardephe, J.); *United States v. Whitman*, 904 F.Supp.2d 363, 371 (S.D.N.Y.2012) (Rakoff, J.); *United States v. Raj Rajaratnam*, 802 F.Supp.2d 491, 499 (S.D.N.Y.2011) (Holwell, J.); *State Teachers Retirement Bd. v. Fluor Corp.*, 592 F.Supp. 592, 594 (S.D.N.Y. 1984) (Sweet, J.), *with* *450 *United States v. Steinberg*, 21 F.Supp.3d 309, 316 (S.D.N.Y. 2014) (Sullivan, J.), *and United States v. Newman*, No. 12–121, 2012 WL 11747265 (S.D.N.Y. Dec. 6, 2012) (Sullivan, J.).

*Newman*, 773 F.3d at 449 (footnotes omitted)

4. It was also a claim of doubtful significance given that the jury subsequently found that Whitman possessed such knowledge, and even Whitman's current counsel does not seriously argue that his appellate counsel was ineffective for failing to raise it on appeal.

5. Whitman argues that *Newman* changed the "law on the meaning of 'personal benefit' [that] had been well-established at least since *SEC v. Warde*, 151 F.3d 42 (2d Cir.1998)." Reply Memorandum of Law in Support of

Defendant Douglas Whitman's Motion Pursuant to 28 U.S.C. § 2255 ("Def.'s Reply Br."), ECF Dkt. No. 187, at 3. This is incorrect. *Warde* did not purport to define the precise scope of what constitutes a personal benefit. Rather, it found that a "close friendship" between the tipper and the tippee, both of whom were "active stock market investors," "suggest[ed]" that the tip was " 'inten[ded] to benefit' [the tippee], and therefore allow[ed] a jury finding that" the tipper breached his fiduciary duty. *Id.* at 45, 48–49. In other words, *Warde* addressed when an *inference* that the tipper intended to benefit, or bestow a gift on, the tippee is permissible, whereas *Newman* discussed, in the same vein, when such an inference is impermissible, such as when the friendship is not the "close friendship" described in *Warde*, but the "casual friendship" described in *Newman*. Indeed, *Newman*, in effect, reaffirmed *Warde* when it held that "evidence of a relationship between the insider and the recipient that suggests ... an intention to benefit the latter" is sufficient, and added only that such evidence requires more than proof of "the mere fact of a friendship, particularly of a casual or social nature." *See* 773 F.3d at 452 (internal quotation marks and alterations omitted).

WL 1109324 (E.D.Pa. Apr. 23, 2009); and *SEC v. Maxwell,* 341 F.Supp.2d 941 (S.D.Ohio 2004)) *with* Memorandum of Law in Support of Defendant Douglas F. Whitman's Motion *In Limine* for a Ruling and Jury Instruction on Knowledge of Personal Benefit, ECF Dkt. No. 57, at 4–6 & n. 5 (same); *see also* August 14, 2012 Trial Transcript at 2344:21–23 (Whitman's counsel arguing that, under *Dirks,* "it's not a vague, amorphous, sort of reputational benefit, but it's one that can actually be expected to redound a pecuniary benefit eventually"). The question of novelty asks "not whether subsequent legal developments have made counsel's task easier but whether at the time of the default the claim was 'available' at all." *Smith,* 477 U.S. at 537, 106 S.Ct. 2661. Here, there can be no doubt that the argument that Whitman claims *Newman* accepted was fully "available" to Whitman at the time of his own appeal.

Accordingly, the Court rejects Whitman's argument that the alleged novelty of his arguments constitutes "cause" for his procedural default.

■ Recognizing this difficulty, Whitman argues that, even if the alleged error in the jury instructions was neither raised on direct appeal nor novel, then his appellate counsel Carter G. Philips—assisted by no fewer than six other partners and associates at Sidley Austin, *see United States v. Whitman,* No. 13–491, Brief of Defendant–Appellant Douglas Whitman, 2013 WL 1739686—rendered constitutionally ineffective assistance in failing to appeal the alleged error, which would in turn be itself sufficient "cause" for the procedural default.[6] *See Aparicio v. Artuz,* 269 F.3d 78,

91 (2d Cir.2001). To establish ineffective assistance of counsel, Whitman must satisfy the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Whitman must "demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms.'" *United States v. Cohen,* 427 F.3d 164 (2d Cir.2005) (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052). Second, Whitman must "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *Id.* (quoting *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052).

■ Here, Whitman does not even attempt to specify how his appellate counsel's choice not to appeal the Court's instruction on personal benefit fell "below an objective standard of reasonableness." *Id.* at 167. He therefore fails to overcome the presumption of effective assistance of counsel. *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994). "Generally, only when ignored issues are *clearly* stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* (quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986) (emphasis added)). But rather than address the comparative likelihood of success of an appeal of this Court's personal benefit instruction with any of the seven points of error actually raised in his appeal, Whitman simply remarks that his appellate counsel's approach was "puzzling" and that the basis for the decision not to appeal the instruction "is unclear." Def.'s Reply Br. at 7–8.

---

**6.** Whitman's briefing is ambiguous as to whether he invokes ineffective assistance of counsel as "cause" for the procedural default or as an independently sufficient ground for relief. As far as the Court is aware, however, the analysis is the same. *See Edwards v.*

*Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) ("[I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim.").

The Court sees nothing puzzling or unclear about this decision. The "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith*, 477 U.S. at 536, 106 S.Ct. 2661 (internal quotation marks omitted). A review of Whitman's appellate brief leads to the conclusion that its contents are a consequence of this type of "winnowing," not of oversight or ineffective assistance.[7]

█ Whitman's failure to establish cause for his procedural default means that his right to relief turns on "actual innocence." But Whitman mentions the word "innocence" in his briefing only once and solely to argue that he need not show it. *See* Def.'s Reply Br. at 3. The Court construes this as a waiver of any actual innocence claim.

█ In any event, a brief review of the relevant evidence adduced at trial shows why Whitman failed to embrace such a theory. The jury found that Whitman traded on, or conspired to trade on, material non-public information related to three companies, Google, Inc., Polycom, Inc., and Marvell Technology Group, Ltd. He relied on two intermediary direct tippees, Roomy Khan and Karl Motey, to cultivate sources inside these companies and to serve as conduits for the inside for information. Khan's and Motey's testimony illustrated that the wheels of this inside information machine needed grease to run. Khan explained that she "understood that [the insider at Polycom] expected ... money," August 7, 2012 Trial Transcript at 1055:23–24, and that her source at Google demanded somewhere in the range of $100,000 to $200,000, *id.* at 1074:17–22. Motey, for his part, explained that he sup-

plied one of his two contacts at Marvell with analyst reports and other information related to Marvell's competitors. *Id.* at 643:19–644:4. These are classic examples of an actual or potential *quid pro quo*, and they more than qualify, under *Newman*, as benefits "of some consequence." 773 F.3d at 452.

While Whitman may have lacked specific knowledge of the precise benefits the corporate insiders expected to receive, the evidence showed that Whitman was aware that the insiders were breaching their fiduciary duties because they expected some actual or potential personal benefit. For example, in the recorded phone call between Whitman and a friend, Wesley Wang, introduced as evidence at trial as Exhibit 32T, Whitman actually complains that Khan has not been paying her "mole" at Google all that the mole demanded and that, as a result, the mole had been lost. *Newman*, like *Dirks*, defines personal benefit in terms of expected or potential benefit as well as benefit actually received, and a reasonable jury could readily infer that Whitman's statements to Wang prove that he knew the "mole" at Google expected compensation in exchange for her help.

Without multiplying examples, the contention that Whitman was actually innocent would be frivolous if made, and so it is understandable that no such claim is made.

Accordingly, for the foregoing reasons, the Court hereby denies Whitman's motion to vacate his conviction and sentence.

SO ORDERED.

---

**7.** Since Whitman has not made out even a *prima facie* case of ineffective assistance of counsel, no evidentiary hearing is required on this issue.